VIRGINIA:



BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF  VSB Docket #13-000-095407
Kenneth Allen Martin

## ORDER AND OPINION

This matter came before the Virginia State Bar Disciplinary Board on the 20th day of June, 2013, upon an Agreement to Imposition of Reciprocal Discipline, as a result of a Rule to Show Cause and Order of Suspension and Hearing entered on June 3, 2013. A duly convened panel of the Virginia State Bar Disciplinary Board consisting of Paul M. Black, Designated Chair, Samuel R. Walker, Peter A. Dingman, William M. Moffet, and Dr. Theodore A. Smith, lay member, heard the matter. Kathleen M. Uston, Assistant Bar Counsel, appeared as Counsel to the Virginia State Bar ("VSB"), Bernard J. DiMuro, and John M. Tran, appeared as counsel for the Respondent. Respondent, Kenneth Allen Martin, was also present. Terry S. Griffith, Shorthand Reporter, Chandler & Halasz, P.O. Box 9349, Richmond, Virginia, 23227, was the court reporter and transcribed the proceedings (804) 730-1222.

Having considered the Agreement to the Imposition of Reciprocal Discipline, the Board finds by clear and convincing evidence as follows:

### STIPULATIONS OF FACTS

1.  At all times relevant hereto, the Respondent, Kenneth Allen Martin, (hereinafter Respondent) has been an attorney licensed to practice law in the Commonwealth of Virginia.

2.  On or around March 28, 2013, the District of Columbia Court of Appeals issued its Order (hereinafter the "Order") finding violations of Rules of Professional Conduct 1.5(a),

JUL 22 2013

RECEIVED
2013 JUL 22 P 2:00
CLERK US DISTRICT COURT
NORFOLK, VIRGINIA

1.15(a) and (c), 1.16(d), 8.4(c) and (d) by Respondent arising out of his representation of Enterprise Solutions, Inc. regarding various matters commencing in February, 2000. The statement of facts set forth in the Order, and the Order itself, are incorporated herein by reference as if fully set forth.

3. The Order was forwarded to the Virginia State Bar, and on June 4, 2013, a copy of a Rule to Show Cause and Order of Suspension were sent to Respondent by the Virginia State Bar, by certified mail, at his last address of record, directing him to appear and show cause if any he can as to why the identical discipline should not be imposed upon him in Virginia.

4. The Order imposed upon Respondent a suspension of his license to practice law in the District of Columbia for a period of eighteen (18) months effective April 28, 2013, with reinstatement subject to disgorgement of fees awarded to Respondent's client by the Attorney-Client Arbitration Board ("ACAB") ACAB in the District of Columbia.

5. Both Respondent and the Virginia State Bar aver that the imposition of identical reciprocal discipline, *to wit* an eighteen (18) month suspension of Respondent's license to practice law in the Commonwealth of Virginia effective April 28, 2013, with reinstatement subject to disgorgement of fees awarded to Respondent's client by the ACAB in the District of Columbia, represents a fair disposition of this matter was it to be heard before the Disciplinary Board,

## STIPULATIONS OF MISCONDUCT

The aforementioned conduct on the part of the Respondent constitutes a violation of the following Rules of Professional Conduct:

**RULE 1.5     Fees**

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

## RULE 1.15    Safekeeping Property

(a) Depositing Funds.

(1) All funds received or held by a lawyer or law firm on behalf of a client or a third party, or held by a lawyer as a fiduciary, other than reimbursement of advances for costs and expenses shall be deposited in one or more identifiable trust accounts or placed in a safe deposit box or other place of safekeeping as soon as practicable.

(2) For lawyers or law firms located in Virginia, a lawyer trust account shall be maintained only at a financial institution approved by the Virginia State Bar, unless otherwise expressly directed in writing by the client for whom the funds are being held.

(3) No funds belonging to the lawyer or law firm shall be deposited or maintained therein except as follows:

(i) funds reasonably sufficient to pay service or other charges or fees imposed by the financial institution or to maintain a required minimum balance to avoid the imposition of service fees, provided the funds deposited are no more than necessary to do so; or

(ii) funds in which two or more persons (one of whom may be the lawyer) claim an interest shall be held in the trust account until the dispute is resolved and there is an accounting and severance of their interests. Any portion finally determined to belong to the lawyer or law firm shall be withdrawn promptly from the trust account.

(c) <u>Record-Keeping Requirements.</u> A lawyer shall, at a minimum, maintain the following books and records demonstrating compliance with this Rule:

(1) Cash receipts and disbursements journals for each trust account, including entries for receipts, disbursements, and transfers, and also including, at a minimum: an identification of the client matter; the date of the transaction; the name of the payor or payee; and the manner in which trust funds were received, disbursed, or transferred from an account.

(2) A subsidiary ledger containing a separate entry for each client, other person, or entity from whom money has been received in trust.

The ledger should clearly identify:

(i) the client or matter, including the date of the transaction and the payor or payee and the means or methods by which trust funds were received, disbursed or transferred; and

(ii) any unexpended balance.

(3) In the case of funds or property held by a lawyer as a fiduciary, the required books and records shall include an annual summary of all receipts and disbursements and changes in assets comparable in detail to an accounting that would be required of a court supervised fiduciary in the same or similar capacity; including all source documents sufficient to substantiate the annual summary.

(4) All records subject to this Rule shall be preserved for at least five calendar years after termination of the representation or fiduciary responsibility.

**RULE 1.16   Declining Or Terminating Representation**

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, refunding any advance payment of fee that has not been earned and handling records as indicated in paragraph (e).

**RULE 8.4    Misconduct**

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law;

(d) state or imply an ability to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official[.]

Upon consideration of the Agreement to Imposition of Reciprocal Discipline before this Panel of the Disciplinary Board, it is hereby ORDERED that, pursuant to Part 6, Section IV, Paragraph 13-24 of the *Rules of Virginia Supreme Court*, the license of Respondent, Kenneth Allen Martin, to practice law in the Commonwealth of Virginia shall be, and is hereby, suspended for a period of eighteen (18) months, *nunc pro tunc* to April 28, 2013, with reinstatement subject to disgorgement of fees awarded to Respondent's client by the ACAB in the District of Columbia.

IT IS FURTHER ORDERED that, as directed in the Board's Order of June 3, 2013, in this matter, a copy of which was served on the Respondent by certified mail, the Respondent must comply with the requirements of Part 6, Section IV, Paragraph 13-29 of the *Rules of Virginia Supreme Court*. The time for compliance with said requirements runs from June 7, 2013, the effective date of the Rule to Show Cause and Order of Suspension. All issues concerning the adequacy of the notice and arrangements required by that Order shall be determined by the Virginia State Bar Disciplinary Board, unless the Respondent makes a timely request for a hearing before a three-judge court.

IT IS FURTHER ORDERED that an attested copy of this Order be mailed to the Respondent, Kenneth Allen Martin, by certified mail at his address of record with the Virginia

5

State Bar at The Martin Law Firm, Suite 200, 6723 Whittier Avenue, McLean, Virginia 22101, and to Respondent's Counsel, Bernard J. DiMuro, Suite 610, 1101 King Street, Alexandria, Virginia 22314, and to Kathleen M. Uston, Assistant Bar Counsel, 707 East Main Street, Suite 1500, Richmond, VA 23219.

The Clerk of the Disciplinary System shall assess costs pursuant to Part Six, Section IV, Paragraph 13.9.E of the *Rules of Virginia Supreme Court*.

SO ORDERED, this 24th day of June, 2013.

Paul M. Black
Chair Designate

A COPY TESTE:
BARBARA SAYERS LANIER
CLERK OF THE DISCIPLINARY SYSTEM